# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 2:20CR00010 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **JUAN SANCHEZ,** ) | Judge James P. Jones |
| ) | |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Juan Sanchez, Defendant Pro Se.*

The defendant, Juan Sanchez, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. Sanchez raises several ineffective assistance of counsel claims and also contends that the government perpetrated fraud on the court at Sanchez's sentencing hearing. The United States has filed a Motion to Dismiss, to which Sanchez has responded. After review of the record, I find that Sanchez is not entitled to relief. Accordingly, I will grant the Motion to Dismiss and dismiss the § 2255 motion.

I.

Sanchez was serving a sentence at United States Penitentiary Lee County (USP Lee), when he was found with a knife-like weapon during a pat down. Sanchez was charged with one count of possessing a prohibited object in a federal prison, in

violation of 18 U.S.C. § 1791(a)(2), (d)(1)(B), a charge to which he pleaded guilty without a plea agreement.

Prior to Sanchez's sentencing hearing, the government filed a motion for an upward variance, arguing that the applicable guideline range underrepresented the nature and circumstances of Sanchez's offense and Sanchez's history and characteristics. The government cited to Sanchez's history of assault and the danger caused by weapons in prison. In response, defense counsel asked for a sentence below the guidelines range due to Sanchez's difficult childhood and the fact that he had five years remaining on the drug-related sentence he was serving at USP Lee.

At sentencing, the government introduced the testimony of Jamie Canfield, a special investigative agent at USP Lee, who explained that Sanchez had been transferred to USP Lee from USP Beaumont because of a threat assessment in which it was determined that Sanchez was a threat to a staff member at USP Beaumont. At the conclusion of the evidence, this court granted the government's motion for an upward variance and sentenced Sanchez to an above-guidelines term of incarceration of 48 months. The court cited to Sanchez's lengthy criminal history and to the seriousness of possessing a weapon in a maximum-security prison like USP Lee. Sanchez appealed, arguing that the upward variance was procedurally and substantively unreasonable. The court of appeals affirmed. *United States v.*

*Sanchez*, No. 21-4212, 2022 WL 313778 (4th Cir. Feb. 2, 2022) (unpublished). No petition for certiorari was filed.

On June 10, 2022, Sanchez signed and dated his pro se § 2255 motion, in which he asserts that his trial counsel was ineffective for the following reasons: failing to secure a plea agreement (Ground I); failing to impeach the government's sentencing witness (Ground II); "ambiguously promising" him a specific sentence (Ground III), Br. Supp. 16, ECF No. 57-1; and failing to challenge the upward variance "which was due to defendant's decision to plead guilty without securing a plea agreement" (Ground IV), *id.* at 20. He also alleges that the government perpetrated fraud on the court because Jamie Canfield's testimony was false (Ground V) and that the government's prosecution of him was fueled by prosecutorial misconduct (Ground VI). Sanchez then timely filed a supplemental motion, adding two more ineffective assistance of counsel claims: his counsel failed to properly advise him that his sentence would run consecutively to his prior sentence (Ground VII) and she failed to move to withdraw his plea after the imposition of a consecutive sentence or withdraw as counsel because of a conflict of interest (Ground VIII). The government moved to dismiss the motion, to which Sanchez has responded. The matter is now ripe for decision.

II.

Sanchez concedes that Grounds II, IV, and VI are without merit, and he withdraws them. I thus turn to the remaining claims: Grounds I, III, V, VII, and VIII.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). The movant must "state facts that point to a real possibility of constitutional error." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013).[1]

Vague and conclusory allegations in a § 2255 motion may be disposed of without further investigation. *Id.* "When deciding whether an evidentiary hearing is necessary to resolve a § 2255 motion contesting a guilty plea, first a court must determine whether the petitioner's allegations, when viewed against the record of the Rule 11 plea hearing, were so palpably incredible, so patently frivolous or false as

---

[1] I have omitted internal quotation marks, citations, and alterations throughout this opinion, unless otherwise noted.

to warrant summary dismissal." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Allegations in such a motion that directly contradict a movant's sworn statements made during a proper Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." *Id.* at 221.

### A. *Fraud on the Court at Sentencing (Ground V).*

Sanchez claims that the government's sentencing witness, Jamie Canfield, perpetrated fraud on the court by testifying that Sanchez was transferred from USP Beaumont to USP Lee because of a threat assessment and incident with an officer at USP Beaumont. He argues that Canfield's testimony was "patently false" and amounts to "outright lies," which "likely influenced the Court into an upward variance." Mem. Supp. 22–23, ECF No. 57-1. While Sanchez testified at length at the sentencing hearing, he did not seek to refute Canfield's testimony.

Sanchez does not claim that his sentence was imposed in violation of the laws of the United States or the Constitution because of Canfield's testimony. And his assertion that Canfield's testimony "likely influenced the Court into an upward variance" is pure speculation. *Id.* In fact, while the court referred to Sanchez's prior incident in discussing his history at sentencing, the court explained that it found an upward variance to be warranted because the guidelines did not adequately account for deterrence and the seriousness of the offense. Accordingly, I find that Sanchez's

conclusory allegations are contradicted by the record and that dismissal of Ground V is warranted.

### B. Ineffective Assistance of Counsel (Grounds I, III, VII, VIII).

The bulk of Sanchez's motion pertains to ineffective assistance of counsel claims. Sanchez raises four separate grounds, three of which are based on conduct allegedly occurring before his guilty plea and one after his plea.

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Thus, a movant may show constitutional error by establishing his counsel provided ineffective assistance. Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. The deficient performance prong requires a movant to overcome the "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). With respect to prejudice, the movant must demonstrate a reasonable probability that, but

for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* In the context of a guilty plea, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This is an objective inquiry and is "dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007).

Ground I is based on Sanchez's counsel's alleged failure to secure a plea agreement. There is no absolute duty to solicit a plea agreement, *Beans v. Black*, 757 F.2d 933, 936 (8th Cir. 1985), although "[a]dequate representation . . . entails exploring possible plea negotiations and deals" in some instances. *Newman v. Vasbinder*, 259 F. App'x 851, 854 (6th Cir. 2008) (unpublished). Even if the failure to explore a possible deal could amount to constitutionally deficient performance, the prejudice prong requires a movant to credibly establish that the government would have offered a plea deal. *Vincente-Sapon v. United States*, Nos. 1:12-cr-106, 1:15-cv-187, 2018 WL 2943446, at *5 (E.D. Tenn. June 12, 2018) (collecting cases).

Here, Sanchez attests that his attorney told him that the government was not offering a plea agreement. Mem. Supp. Ex. A, Sanchez Aff. ¶ 13, ECF No. 57-2. He offers nothing to contradict this, and counsel had no duty "to attempt to force [the government] from [its] intransigent position[]." *Beans*, 757 F.2d at 936. He

contends that other unnamed, similarly charged defendants received deals, but even assuming that is true, that fact does not mean the government would have offered any agreement to Sanchez. *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) ("But there is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial."). Additionally, Sanchez did in fact choose to plead guilty knowing that he did not have an agreement and that other defendants had received an agreement. Sanchez Aff. ¶ 12, ECF No. 57-2 (confirming that he knew of other plea agreements prior to entering his plea); Plea Hearing Tr. 13, ECF No. 49 (stating that he understood he was giving up his right to a trial by pleading guilty). Accordingly, I find that the movant has failed to establish he was prejudiced by counsel's alleged failure to seek a plea agreement.

Ground III is based on Sanchez's counsel's alleged promise that his sentence would fall within the advisory guidelines range. The promise of a certain sentence can establish a constitutionally deficient performance. *United States v. Mayhew*, 995 F.3d 171, 178 (4th Cir. 2021). But here, Sanchez's own affidavit undercuts this point in that he states that his counsel merely stated that the court "is a respector of the guidelines." Sanchez Aff. ¶¶ 15, 16, ECF No. 57-2. Sanchez's argument that he understood this to be a promise is unavailing. During his plea colloquy, Sanchez affirmed that he understood that guidelines were not "mandatory" and that the court could impose a sentence that was more severe than the applicable guidelines. Plea

Hr'g Tr. 10–12, ECF No. 49. The prosecutor represented that the maximum term of imprisonment for the offense was five years, and the movant affirmed that he understood the possible consequences of his plea. *Id.* 9–10. He stated he understood that his sentence "may be different from any estimate that [counsel] may have given [him]." *Id.* at 12. Consequently, Sanchez's allegations about the promised sentence are "palpably incredible" and "patently frivolous or false." *Lemaster*, 403 F.3d at 221.

The defendant also argues that his limited understanding of English prevented him from understanding that the court's question about whether anyone had promised him anything to induce him to plead guilty encompassed promises by counsel. But this argument too is contradicted by his affirmation that he understood that the court could impose a sentence more severe than the guidelines. Accordingly, Ground III will be dismissed.[2]

Ground VII rests on counsel's alleged failure to advise Sanchez that any sentence imposed as a result of his plea would run concurrent to the sentence he was already serving at USP Lee. He alleges that that his counsel told him, "[I]f you take

---

[2] Nor is an evidentiary hearing appropriate because this is not a case in which it is merely improbable or unbelievable that counsel made a promise, *Hernandez-Hernandez v. United States*, 904 F.2d 758, 762 (1st Cir. 1990); *Mayhew*, 995 F.3d at 178–79, but rather, counsel's statement about the court respecting the guidelines is simply not a promise.

the plea, you won't have to do more time because the judge has to make it all concurrent and it'll be 'just one sentence.'" Mot. Amend Ex. 1, Sanchez Aff. ¶ 1, ECF No. 60.

The government argues that the defendant's affirmations during the guilty plea colloquy — that he understood that his sentence might be different from any estimates, that the court could impose a sentence longer than that indicated by the advisory guidelines, and that he was not induced by any promise — directly contradict his claim. Sanchez responds and argues that these statements under oath pertain to the length of the sentence, not how the sentence would be imposed.

I agree with Sanchez that the sworn statements he made during the Rule 11 colloquy do not directly contradict his sworn § 2255 motion and affidavit as to Ground VII. Upon review of the record, there was no mention of how the sentence might be imposed before he pled guilty, nor did the court indicate that the new sentence would run consecutive to his underlying sentence, which might have allowed him to raise this issue at the sentencing hearing.

Furthermore, Sanchez has alleged that counsel's alleged advice led him to plead guilty: "Ultimately, had it not been for counsel's improper and misleading advice — intentional or not — I would have went [sic] to trial rather than enter a plea." Mot. Amend Attach. 5, ECF No. 60. But this conclusory allegation is not enough to establish the *Strickland* prejudice prong. The government had

overwhelming evidence of Sanchez's guilt. At the plea hearing, the court reviewed the charged offense, and Sanchez affirmed he was guilty of the offense. He then proceeded to explain that he possessed the weapon for his own safety: "It's for my safety. It's for my own protection. Yes, I am guilty." Plea Hr'g Tr. 15, ECF No. 49. When the court asked whether he understood that he was carrying a weapon that he knew he was not supposed to have, Sanchez affirmed. *Id.* at 16. Thus, Sanchez had virtually no chance to succeed at trial, and he has not shown that an objective defendant would have insisted on going to trial just to attempt to prevent a consecutive sentence. *Meyer*, 506 F.3d at 369–70. As the Fourth Circuit has explained, "sometimes it is the nature of the evidence, rather than the acts of the lawyer, that 'prejudice' the defendant." *Id.* at 370.[3]

In Ground VIII, Sanchez alleges that his counsel was ineffective for failing to withdraw his plea after sentencing or by failing to withdraw as counsel on appeal because of her erroneous advice regarding the consecutive nature of his sentence. Ground VIII also fails because Sanchez cannot demonstrate prejudice. "After a defendant has been sentenced, the district court has no authority to grant a motion to withdraw a guilty plea." *United States v. Barnes*, 358 F. App'x 412, 414 (4th Cir.

---

[3] I need not address whether counsel's performance was deficient because Sanchez is unable to demonstrate prejudice.

2009) (unpublished). Sanchez does not allege he asked counsel to attempt to withdraw his plea, but even if he had, the court could not have granted such a motion.

Nor does Sanchez show how counsel's performance on appeal was adversely affected by any alleged conflict. *United States v. Nicholson*, 611 F.3d 191, 205 (4th Cir. 2010). He has not demonstrated, or even alleged, the existence of an alternative, unpursued strategy, that such strategy was reasonable under the facts of the case, and that the failure to pursue such a strategy was linked to an actual conflict. *Mickens v. Taylor*, 240 F.3d 348, 361 (4th Cir. 2001).

## IV.

In sum, Sanchez has failed to sufficiently allege fraud upon the court, and he has failed to demonstrate he was prejudiced by counsel's performance. Upon review of the briefs and the record, I find there is no basis for permitting Sanchez to withdraw his guilty plea. I further find that an evidentiary hearing is not required because the record conclusively shows that Sanchez is not entitled to relief as a matter of law. Accordingly, the United States' Motion to Dismiss will be granted, and the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 will be dismissed. A separate final order will be entered herewith.

DATED: April 24, 2023

/s/  JAMES P. JONES
Senior United States District Judge