# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case No. 2:20CR00010 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **JUAN FERNANDO SANCHEZ,** | ) Judge James P. Jones |
| | ) |
| Defendant. | ) |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Juan Fernando Sanchez, Pro Se.*

Defendant Juan Fernando Sanchez has filed this pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The government opposes the motion. For the reasons stated below, I will deny the defendant's motion.

I.

Sanchez was charged with possession of a prohibited object that was designed and intended to be used as a weapon while being an inmate of a federal prison in violation of 18 U.S.C. § 1791(a)(2) and (d)(1)(B). While an inmate at USP Lee, a federal prison located in Pennington Gap, Virginia, which is within this judicial district, Sanchez was found with a metal prison-made weapon in his pocket. He was sentenced on April 13, 2021, to a term of 48 months, which is consecutive to the 132-month federal sentence he was then serving, imposed by the United States District Court for the Northern District of Iowa in 2016. Sanchez

submitted his request for compassionate release to the Warden and it was denied on August 16, 2022. Mem. Supp. 12, 13, ECF No. 71. The government does not contest that Sanchez has exhausted his administrative remedies. Accordingly, I find that Sanchez has satisfied the statute's exhaustion requirement.

In his present motion, Sanchez seeks compassionate release on the grounds that his young son lacks any available family caregiver, that Sanchez is housed in a higher security facility than his custody level requires, and the § 3553(a) factors weigh in favor of a sentence reduction. Sanchez's Presentence Investigation Report (PSR), prepared for this court on March 8, 2021, and revised on April 6, 2021, reported as follows:

> The defendant is currently single and has never been married. He reported being in a relationship with Fardowsa Yusuf for approximately three years and reported that they separated because of his incarceration. One child was born to this relationship, [RS], age five, who currently resides with his mother in either Iowa or South Dakota. He reported that he has an active relationship with his son.

PSR ¶ 48, ECF No. 38. The defendant alleges that Yusuf was arrested in late 2022 for domestic violence against her live-in boyfriend and that Yusuf had been arrested multiple times in the past. The State of Iowa took away Yusuf's parental and custodial rights. The State indicated that it would maintain sole custody of the child until a suitable caregiver can be found. Sanchez notes that his family members are unable to care for RS. He has two paternal half-siblings who he has

-2-

never met or had any relationship with. His mother, who is 61 years old and resides in Texas, is not able to take custody of RS.

Sanchez also argues that his sentence should be reduced because he has been incarcerated in higher security prisons than his custody level requires. At the time of filing this motion, he was housed at USP Lee, a high-security prison located in Lee County, Virginia. He was classified as a medium-security inmate by the Federal Bureau of Prisons (BOP) and alleges that he was only kept at USP Lee because there was no space in lower security facilities. He alleges that he has experienced difficulty in prison due to his small stature. Sanchez is 5'2" and weighs 110 pounds. *Id.* ¶ 49. Additionally, as Sanchez is of Mexican descent, he argues that he was pressured into becoming associated with a prison gang. He states that he has since disavowed his affiliation with the gang.

The government contends that Sanchez has not established extraordinary and compelling reasons that justify compassionate release. First, the government argues that Sanchez has not established the death or incapacitation of his child's caregiver, merely that she has lost custody after being declared unfit. The government also contends that Sanchez has not established that he is the only caregiver available for RS and that he would be given custody if he were released. Lastly, the government notes that Sanchez's motion for compassionate release was denied by the Northern District of Iowa and he has several years left to serve on his

sentence imposed by that court. Therefore, a reduction in sentence from this court would not enable Sanchez to care for his child. The government also argues that Sanchez's placement at USP Lee is not an extraordinary or compelling circumstance that justifies relief and that the § 3553(a) factors weigh against a sentence reduction.

## II.

Section 3582(c)(1) permits a sentencing court to reduce a sentence if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "The death or incapacitation of the caregiver of the defendant's minor child" can constitute an extraordinary and compelling reason for compassionate release. U.S. Sent'g Guidelines Manual § 1B1.13(b)(3)(A) (U.S. Sent'g Comm'n 2023). In addition, the court may consider any other circumstances or combination of circumstances that are similar in gravity. *Id.* § 1B1.13(b)(5). In addition, even if the court finds an extraordinary and compelling reason, the court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).

The showing of the incapacitation of a child's caregiver sets a high bar. *United States v. James*, No. 7:19-CR-00024-3, 2023 WL 6164018, at *3 (W.D. Va. Sept. 21, 2023) (citing *United States v. Guest*, No. ELH-16-0499, 2022 WL

2104492, at *13 (D. Md. June 9, 2022)).  Even assuming that Yusuf is "incapacitated" by her removal as a parent due to her conduct, the records submitted by Sanchez indicate that there may be relative caregivers available to take custody of RS.  Mem. Supp. 23, ECF No. 71 (stating that two relatives have expressed interest in placement of RS and Yusuf's second child).  I am also persuaded by the government's argument that Sanchez would not be able to care for RS even if I were to grant his motion as he was denied compassionate release in the Northern District of Iowa.  Order 2, *United States v. Sanchez*, No. CR16-4051-LTS (N.D. Iowa May 24, 2023).  While I am sympathetic to the defendant's desire to care for his child, I find that his family circumstances do not constitute extraordinary and compelling reasons that merit compassionate release.

Sanchez argues that he should have been housed in a lower security prison and the conditions of his confinement justify early release.  He states that he has only been housed in higher security prisons due to space constraints at the BOP.  I find that his placement at high-security prisons despite his medium security classification does not constitute an extraordinary and compelling reason.  "When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over the place of the prisoner's imprisonment."  *Tapia v. United States*, 564 U.S. 319, 331 (2011) (internal quotation marks and citation omitted).  Sanchez has not shown that his placement at USP Beaumont or USP Lee

is an individualized or uncommon circumstance that merits compassionate release. Furthermore, according to the BOP, Sanchez is currently housed at FCI Jesup, a medium security prison located in Georgia.

Considering the foregoing, I conclude that the defendant's circumstances do not qualify him for such extraordinary relief.

III.

Accordingly, it is **ORDERED** that the Motion for Compassionate Release, ECF No. 85, is DENIED.

ENTER: April 16, 2024

/s/  JAMES P. JONES
Senior United States District Judge